United States District Court
Southern District of New York
————————————————————————————

LYNNE STEWART,

                   Petitioner,     13 Civ. 5279 (JGK)
                                    02 Cr. 0395  (JGK)

        - against -
                                      AMENDED OPINION AND

UNITED STATES OF AMERICA,                ORDER

                     Respondent.
————————————————————————————

JOHN G. KOELTL, District Judge:

       The petitioner, Lynne Stewart, seeks an order pursuant to
28 U.S.C. § 2255 and 18 U.S.C. § 3582 reducing her sentence to
time-served, or in the alternative, granting her immediate
release on conditions consistent with her medical needs.  The
petitioner has been diagnosed with metastatic breast cancer.
The Bureau of Prisons ("BOP") denied a recent application for
compassionate release, but subsequently, within the past three
weeks, the petitioner's current treating oncologist has given
the petitioner a prognosis of less than 18 months to live.  On
August 7, 2013, the petitioner submitted a renewed application
for compassionate release to the BOP, which is currently
pending.

       The petitioner now argues that the failure of the BOP to
file a motion seeking a reduction in the petitioner's sentence

pursuant to 18 U.S.C. § 3582, the Compassionate Care Act, is unconstitutional because it violates separation of powers doctrines and constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The Compassionate Care Act, the United States Sentencing Guidelines, and a substantial array of prior authority make it clear that a motion by the BOP is a prerequisite to the Court's reduction of a sentence based on compassionate release.  That statutory framework and its implementation in this case do not violate any separation of powers doctrines or constitute cruel and unusual punishment.

The petitioner has appropriately submitted a renewed motion for compassionate release to the BOP, and the Court is prepared to give prompt and sympathetic consideration to any motion by the BOP that seeks compassionate release.  But the current application seeking to circumvent a motion by the BOP is without merit and is **denied**.


**I.**

**A.**

On February 10, 2005, following a jury trial, the petitioner was convicted of one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371; one count of

2

providing and concealing material support to a conspiracy to murder persons in a foreign country in violation of 18 U.S.C. § 2339A and 18 U.S.C. § 2; one count of conspiracy to provide and conceal such support in violation of 18 U.S.C. § 371; and two counts of making false statements in violation of 18 U.S.C. § 1001.  United States v. Stewart, 590 F.3d 93, 108 (2d Cir. 2009).  The Court of Appeals affirmed the conviction, but remanded for resentencing.  Id. at 152.

On July 15, 2010, this Court resentenced the petitioner principally to a 120-month term of incarceration to be followed by a two-year term of supervised release.  The Court of Appeals affirmed the sentence.  United States v. Stewart, 686 F.3d 156, 163-64 (2d Cir. 2012).  The petitioner began serving her sentence in November 2009.


**B.**

In or about November 2005, the petitioner was diagnosed with breast cancer.  (Shellow Decl. ¶ 10.)  In 2006, after treatment, the petitioner's cancer went into remission, but the petitioner began a five-year course of oral chemotherapy which she completed in prison.  (Shellow Decl.¶ 10; Ex. L ¶ 1.)

The petitioner is incarcerated at the Federal Medical Center in Carswell, Texas ("FMC Carswell").  (Shellow Decl.

3

¶ 15.)  On September 28, 2012, a PET/CT scan confirmed that the petitioner's breast cancer had recurred.  (Shellow Decl. ¶ 11.) The petitioner has received treatment from Dr. Prasanthi Ganesa at the Center for Cancer and Blood Disorders in Fort Worth, Texas.  (Shellow Decl. ¶ 23A; Ex. G.)  On May 10, 2013, Dr. Ganesa reported that the petitioner was responding well to treatment, that she was able to perform her activities of daily living, and that the "overall prognosis for the patient[] is 2 years."  (Shellow Decl. ¶ 23A; Ex. G.)  However, the petitioner's initial treating physician has estimated that the petitioner's prognosis is less than twelve months at this time, and an outside consulting physician has estimated that the prognosis is six months.  (Shellow Decl. ¶¶ 23B-C.)  The petitioner also reports that she has great difficulty with the activities of daily living.  (Shellow Decl. ¶ 24.)


## C.

On April 12, 2013, the petitioner filed a formal request with the warden of FMC Carswell for compassionate release pursuant to 18 U.S.C. § 3582.  (Shellow Decl. ¶ 15; Ex. L.)  On May 10, 2013, the warden forwarded the petitioner's application to the BOP Central Office with a recommendation that it be approved.  (Shellow Decl. ¶ 16.)

On June 24, 2013, the Director of the BOP informed the warden at FMC Carswell that the petitioner's application was denied because although the petitioner's cancer "is very serious, she is not suffering from a condition that is terminal within 18 months.  Accordingly, [the petitioner] does not present circumstances considered to be extraordinary and compelling to merit RIS [a reduction in sentence] at this time." (Shellow Decl. ¶ 20; Ex. M (second alteration in original).) This correspondence also stated that the petitioner could "request reconsideration of her [] request should her condition change."  (Shellow Decl. Ex. M.)

After an examination on July 15, 2013, Dr. Ganesa has now reported that the petitioner's "expected survival [is] less than 18 [months], she was diagnosed with [metastatic cancer] in Nov. 2012.  She is appropriate for compassionate release in my opinion."  (Shellow Decl. Ex. O, at 3.)  On August 7, 2013, the petitioner submitted a revised application for compassionate release to the warden at FMC Carswell.  That application is pending.

The petitioner now seeks relief pursuant to section 2255, namely a reduction of her sentence to time-served or, in the alternative, immediate release on conditions consistent with her

medical needs and production of documents on which the BOP relied in denying her application for compassionate release.

## II.

The petitioner has filed a timely motion for relief under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(f) (2006).  Section 2255 allows a prisoner in custody to challenge a sentence by way of a motion to vacate, set aside, or correct the sentence in the court that imposed the sentence.  Joost v. Apker, 476 F. Supp. 2d 284, 288 (S.D.N.Y. 2007).  Pursuant to section 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  The petitioner argues that her sentence has become unconstitutional because the BOP's denial of her application for compassionate release pursuant to 18 U.S.C. § 3582 amounts to the refusal of the executive branch of the Government to enforce an act of Congress and usurps the sentencing function of the District Court in violation of separation of powers doctrines.  The petitioner also argues that her sentence has become unconstitutional because it is cruel and

unusual punishment in violation of the Eighth Amendment for her to remain incarcerated despite her physical condition.

As a preliminary matter, the petitioner's argument is not a basis for relief under 28 U.S.C. § 2255. It is well-established that section 2255 is the proper vehicle "to challenge the legality of the imposition of a sentence by a court." Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); see Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003). While section 2255 is the proper vehicle to challenge a federal conviction and sentence, 28 U.S.C. § 2241 is the proper vehicle to challenge "the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); see Joost, 476 F. Supp. 2d at 288. In this case, there is no plausible challenge to the original imposition of the petitioner's sentence. The sentence was affirmed on appeal, and the petitioner's complaint is with the failure of the BOP to make a motion to reduce her sentence on the grounds of compassionate release.

Section 2241 permits an inmate to challenge the execution of a sentence that is alleged to be "in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3). Whether judged under sections 2255 or 2241, the petitioner is not entitled to relief because she has failed to show that her sentence is in violation of the Constitution or laws of the United States.

**A.**

The petitioner first argues that her sentence is unconstitutional because it violates separation of powers doctrines for the BOP to decline to file a motion for compassionate release in this case. 18 U.S.C. § 3582 provides in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c) (2006) (emphasis added). The statute on which the petitioner relies makes clear at the outset that a federal court "may not modify a term of imprisonment once it has been imposed," on the grounds of compassionate release except upon a motion by the Director of the BOP. Id.

8

Pursuant to this delegation of authority from Congress, the BOP has promulgated regulations providing that any application for compassionate release pursuant to section 3582 must first be made to the warden at the correctional facility housing the petitioner and must contain the following information:

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration. (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(1)-(2). If the warden reviews the request and determines that it warrants approval, the warden must forward a written recommendation to the Office of the General Counsel for the BOP. Id. § 571.62(a)(1). If the General Counsel determines that the application should be approved, the General Counsel must seek the opinion of either the Medical Director for the BOP or the Assistant Director for Correctional Programs, depending on the request. Id. § 571.62(a)(2). The General Counsel must then forward to the Director of the BOP the application with the opinion of the Medical Director or Assistant Director for Correctional Programs. Id. If the Director of the BOP determines that the application merits approval, "the Director will contact the U.S. Attorney in the

district in which the inmate was sentenced regarding moving the sentencing court on behalf of the Director of the Bureau of Prisons to reduce the minimum term of the inmate's sentence to time served." Id. § 571.62(a)(3). If the sentencing court grants the motion, the inmate will be released forthwith. Id. § 571.62(b). The regulations provide for expedited review at every stage if the basis for the request is the inmate's medical condition. Id. § 571.62(c). If the inmate receives a denial from the General Counsel for the BOP or the Director of the BOP, the BOP must provide the inmate with a written notice and statement of reasons for the denial. Id. § 571.63(b)-(c).

In this case, the petitioner received a favorable determination from the warden, but the BOP ultimately denied the application. Pursuant to the regulations, an inmate may not appeal a denial by the BOP through the Administrative Remedy Procedure because the decisions of the General Counsel and the Director constitute a final administrative decision. Id. § 571.63(d); see id. § 542.10. Accordingly, "[f]ederal courts have consistently held that the Director's decision concerning whether to seek a sentence reduction is a matter of discretion under section 3582(c)(1)(A)." DeFeo v. Lapin, No. 08 Civ. 7513, 2009 WL 1788056, at *3 (S.D.N.Y. June 22, 2009) (collecting cases); see United States v. Gonzales, 59 F.3d 1240, at *2 (5th

10

Cir. 1995) (per curiam) (affirming the dismissal of a petition brought under 28 U.S.C. § 2255 and styled as a "Motion for Compassionate Release" because the BOP had not filed a motion on the petitioner's behalf).

The petitioner claims that she is entitled to relief on her 2255 motion because it violates separation of powers doctrines for the BOP to deny her application for compassionate release. "The Constitution enumerates and separates the powers of the three branches of Government in Articles I, II, and III, and it is this 'very structure' of the Constitution that exemplifies the concept of separation of powers." Miller v. French, 530 U.S. 327, 341 (2000) (quoting INS v. Chadha, 462 U.S. 919, 946 (1983)). Separation of powers principles prohibit "one branch from encroaching on the central prerogatives of another." Id. The petitioner's argument is antithetical to the separation of powers. Congress determined that the federal courts cannot grant an application for compassionate release without a motion by the Director of the BOP. Congress has delegated to the BOP in the first instance the power to make a motion for compassionate release. The petitioner invites the Court to ignore that part of the statute. There is nothing improper about Congress requiring a motion by the Director of the BOP,

and the petitioner cites no principle or authority that would make such a requirement improper.

The petitioner argues that the BOP has violated a Congressional mandate because it has failed to file a motion for compassionate release and has thereby denied this Court the opportunity to rule on that motion as allegedly required by the statute.  But Congress has not required the BOP to file a motion under section 3582.  Congress has simply provided the BOP discretion to make such a motion as a precondition to the Court's reducing a sentence on the basis of compassionate release.  The parties have cited no cases—and the Court is aware of none—supporting the petitioner's interpretation of the statute.  Indeed, courts routinely dismiss motions for compassionate release pursuant to section 3582 when those motions are not brought by the Director of the BOP because it is within the sole discretion of the BOP to decide whether or not to file such a motion.  See, e.g., Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012) ("The plain meaning of this section requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment."); United States v. Powell, 69 F. App'x 368, 368 (9th Cir. 2003) (affirming dismissal of a section 3582 motion because the BOP had not filed the motion); Porges v.

12

Zickefoose, No. 3:08-CV-785, 2008 WL 4596640, at *2 (D. Conn.
Oct. 15, 2008) ("A court lacks authority to reduce a sentence of
imprisonment under the compassionate release statute unless a
motion is filed by the Director of the BOP"); see also Crowe v.
United States, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting
cases for the proposition that "a number of courts have
determined that the BOP's decision regarding whether or not to
file a motion for compassionate release is judicially
unreviewable"); Engle v. United States, 26 F. App'x 394, 397
(6th Cir. 2001) ("[A] district court lack[s] jurisdiction to sua
sponte grant compassionate release.  A district court may not
modify a defendant's federal sentence based on the defendant's
ill health except upon a motion from the Director of the
[BOP]"); United States v. Traynor, No. 04 Cr. 0582, 2009 WL
368927, at *2 (E.D.N.Y. Feb. 13, 2009) (collecting cases);
Porges, 2008 WL 4596640, at *2 (collecting cases).[1]

---

[1] A sole possible exception is United States v. Dresbach, 806 F.
Supp. 2d 1039 (E.D. Mich. 2011), where the Court examined the
decision of the BOP refusing to grant compassionate release and
concluded that the BOP was within its discretion in denying
compassionate release.  That decision is not persuasive because
it did not even discuss the limits on the Court's authority
under section 3582 and declined to reach the Government's
remaining arguments for denying the motion for reduction in
sentence.
    In Hubbs v. Dewalt, No. 05 Civ. 512, 2006 WL 1232895 (E.D.
Ky. May 8, 2006), the District Court rejected a challenge to the

There is nothing in the text of the statute or the legislative history upon which the petitioner relies that suggests that the federal courts should decide in the first instance whether compassionate release is appropriate.  Section 3582 prevents the Court from modifying a term of imprisonment based on compassionate release unless the Director of the BOP has filed such a motion.  If the BOP files such a motion, then the Court may reduce a sentence after considering the relevant factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission.

The petitioner attempts to find support for judicial review of the decision of the BOP in the Sentencing Guidelines, but there is no support to be found there.  The petitioner argues that the definition of "extraordinary and compelling reasons" in the application notes to section 1B1.13 of the United States Sentencing Guidelines, which includes the circumstance when "[t]he defendant is suffering from a terminal illness," is binding on the BOP and requires that the BOP give the Court an opportunity to act on the petitioner's application for compassionate release by bringing a motion pursuant to section

_____

BOP's denial of an application for compassionate release that was made pursuant to the Administrative Procedure Act.  Id. at *4.  The petitioner in this case has stated affirmatively that her claim is not made under that Act.

3582.  See U.S. Sentencing Guidelines Manual § 1B1.13 cmt.
1(A)(1) (2011).  This argument ignores that section 1B1.13 of
the Guidelines is a Policy Statement that provides guidance to a
sentencing court as to whether it should reduce a sentence, and
the Policy Statement is expressly qualified by the phrase: "Upon
motion of the Director of the Bureau of Prisons under 18 U.S.C.
§ 3582(c)(1)(A), the court may reduce a term of imprisonment
. . . ."  This Policy Statement does not dispense with the
requirement of a motion by the BOP, and it purports to provide
guidance to the sentencing court if the BOP makes a motion.  It
provides no guidance to the BOP as to whether it should ever
make a motion, and it is not a binding requirement on the BOP.

In Defeo, the petitioner sought a writ of mandamus
compelling the Director of the BOP to file a motion for
compassionate release under section 3582 arguing, as the
petitioner does here, that the Director was bound by this
application note.  2009 WL 1788056, at *4-5.  The Court held
that the Guidelines were not binding on the Director and that
"the Director has no duty to move for a sentence reduction under
any circumstances."  Id. at *5.  The Court found that "the
Director's ability to seek a sentencing reduction is a power,
not a duty," and denied the petition.  Id. (internal quotation
marks and citation omitted).  As the Court in Defeo pointed out,

15

nothing in section 3582 or in the Sentencing Guidelines
indicates that the definition of "extraordinary and compelling
reasons" in the Guidelines is binding on the BOP.  2009 WL
1788056, at *5.  Accordingly, consistent with all persuasive
authority and the plain terms of section 3582, a district court
cannot order the petitioner's compassionate release unless the
Director of the BOP has made a motion for such relief pursuant
to section 3582.  Because no such motion has yet been made the
petitioner's motion must be **denied.**[2]

---

[2] In her reply brief, the petitioner argues that she should be
allowed discovery to determine whether the decision of the BOP
was based on an unconstitutional consideration such as race,
gender, or retaliation for protected expression.  None of these
alleged grounds was a basis for the application in this case,
and, in any event, there is absolutely no indication that any
impermissible consideration tainted the BOP's decision in this
case.  The decision of the BOP was explicitly based on medical
factors.  Without deciding what showing of impermissible factors
is necessary to obtain the requested discovery or what the
permissible remedy for a decision by the BOP based on
unconstitutional considerations might be, it is sufficient that
no such impropriety was raised initially, and there is no
plausible allegation of any impropriety to warrant any pursuit.
See Rule 6(a), Rules Governing Section 2255 Proceedings in the
United States District Courts ("A judge may, for good cause,
authorize a party to  conduct discovery . . . ."); Drake v.
Portuondo, 321 F.3d 338, 346 (2d Cir. 2003) ("Although a habeas
petitioner, unlike the usual civil litigant in federal court is
not entitled to discovery as a matter of ordinary course,
discovery may be granted upon a showing of good cause." (quoting
Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (internal
quotation marks omitted)).  Cf. United States v. Sanders, 211
F.3d 711, 717 (2d Cir. 2000) ("[T]o obtain discovery on a claim

**B.**

The petitioner also argues that her incarceration violates the Eighth Amendment because it is cruel and unusual punishment to keep her incarcerated given the advanced stage of her cancer. The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. "Barbaric punishments" are unconstitutional under all circumstances. Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011, 2021 (2010). However, punishments that are without penological justification are also unconstitutional. See, e.g., id. at 2034 (holding unconstitutional the imposition of a life without parole sentence on a juvenile offender who did not commit a homicide).

The petitioner argues that her sentence has become unconstitutional because there is no penological justification to keep a woman dying of cancer imprisoned.[3]  However, there is

_____

of selective prosecution, we have held that a defendant must provide some evidence tending to show the existence of the essential elements of the defense. . . .  That standard is a rigorous one." (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974) and United States v. Armstrong, 517 U.S. 456, 468 (1996) (internal quotation marks and citations omitted)).  Therefore, the request for documents is **denied**.

[3] The Government points out that the Eighth Amendment "imposes substantive limits on what can be made criminal and punished as such," Ingraham v. Wright, 430 U.S. 651, 667 (1977), and that it prohibits punishments that are grossly disproportionate to the severity of the offense, see Solem v. Helm, 463 U.S. 277, 292

no right that requires the release from prison of terminally ill inmates.  Engle, 26 F. App'x at 397; Holliday v. New York, No. 10 Civ. 0193, 2011 WL 2669615, at *3-4 (W.D.N.Y. July 7, 2011); Hubbs v. Dewalt, No. 05-CV-512, 2006 WL 1232895, at *3-4 (E.D. Ky. May 8, 2006) (finding that the BOP's denial of an application for compassionate release did not violate the Eighth Amendment.)  There are no objective indicia suggesting that society has rejected the imprisonment of terminally ill individuals.

Moreover, it is not a violation of the Eighth Amendment to continue to imprison a terminally ill inmate when the sentence was properly imposed in the first instance.  The petitioner does not argue that her sentence is disproportionate to her crime or otherwise improper.  Indeed, her sentence was affirmed on appeal.  The cases upon which the petitioner relies establish that certain punishments are unconstitutional for certain categories of individuals.  In those cases, in the exercise of independent judgment to determine that a sentence was

---

(1983).  However, the petitioner does not argue that her sentence is unconstitutional for either of those reasons.
    The Eighth Amendment also prohibits deliberate indifference to serious medical needs of prison inmates.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  However, the petitioner has represented that she is not making such an argument in this case, perhaps because the remedy would not be release.  See Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005).

unconstitutional, the Supreme Court relied on the diminished culpability of the offenders, see, e.g., Roper v. Simmons, 543 U.S. 551, 578 (2005), or the relative lack of severity of the crime alleged, see Graham, 130 S. Ct. at 2030.  But those were cases where the initial imposition of the sentence was unconstitutional and did not concern whether a sentence, which was constitutional when imposed, had become cruel and unusual. Moreover, the petitioner cannot point to any diminished culpability or lack of seriousness of the offenses that would render her sentence unconstitutional.  Her continued incarceration does not violate the Eighth Amendment.

As discussed in the Court of Appeals opinion affirming the petitioner's conviction and the re-sentencing proceeding in this case, the petitioner was properly convicted of serious crimes for which a 120-month sentence is appropriate and substantially below the sentencing range suggested in the Guidelines.  The petitioner's argument that she is challenging executive detention in this motion is unjustified.  The petitioner was lawfully adjudged guilty of the offenses for which she is incarcerated, and the petitioner does not challenge the lawfulness of her conviction or the legality of the judicially imposed sentence at the time it was imposed.  The state of the petitioner's health does not alter the conclusion that the

19

petitioner's sentence is constitutional.  Accordingly, the petitioner's sentence does not violate the Eighth Amendment, and her request for relief is **denied**.[4]

### III.

The petitioner argues for the first time in her reply brief that, as an alternative to a writ issued pursuant to section 2255, this Court should grant her relief pursuant to 28 U.S.C. § 1651, the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  The petitioner seeks relief in the form of a writ of audita querela, or, alternatively, a writ of coram nobis.

These forms of relief are not properly before the Court because the petitioner raised them for the first time in her reply brief.  That procedural defect would be a sufficient basis

---

[4] The petitioner argues that this Court should exercise its equitable authority pursuant to 28 U.S.C. § 2255 to order the petitioner's conditional release pending resolution of this motion.  However, because there is no basis for the motion, there is no basis for any conditional release.

for rejecting the petitioner's arguments seeking relief pursuant to the All Writs Act.

In any event, the petitioner is not entitled to relief under the All Writs Act.  Relief under each of the writs would be unavailable because the petitioner has failed to show the denial of any of her rights under the Constitution or laws of the United States.  Moreover, there are additional reasons for rejecting any applications under the All Writs Act.

**A.**

The petitioner argues that she is entitled to a writ of audita querela.  The writ of audita querela is an "ancient" common law writ, Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997), "of a most remedial nature, and invented lest in any case there should be an oppressive defect of justice, where a party who has a good defence is too late in making it in the ordinary forms of law," Humphreys v. Leggett, 50 U.S. 297, 313 (1850).  Although the writ of audita querela "has been abolished with respect to civil cases," United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (citing Fed. R. Civ. P. 60(b)), it "remains available in limited circumstances with respect to criminal convictions . . . . where there is a legal, as contrasted with an equitable, objection to

21

a conviction that has arisen subsequent to the conviction and
that is not redressable pursuant to another post-conviction
remedy," Richter, 510 F.3d at 104 (quoting United States v.
LaPlante, 57 F.3d 252, 253 (2d Cir. 1995)) (internal quotation
marks omitted).  The availability of the writ is "very limited,"
LaPlante, 57 F.3d at 253, and "survive[s] only to the extent
that [it] fill[s] gaps in the current system of post-conviction
relief," United States v. Valdez-Pacheco, 237 F.3d 1077, 1079
(9th Cir. 2001).  Indeed, "few courts ever have agreed as to
what circumstances would justify relief under [audita querela],"
Klapprott v. United States, 335 U.S. 601, 614 (1949), and it is
granted only "if the absence of any avenue of collateral attack
would raise serious constitutional questions about the laws
limiting those avenues," Richter, 510 F.3d at 104.  See
Blumenberg v. United States, No. 05 Civ. 9416, 2009 WL 3459185,
at *2 (S.D.N.Y. Oct. 27, 2009).

The petitioner is not entitled to a writ of audita querela
because that writ only issues if the petitioner has demonstrated
that a legal, rather than equitable defect has arisen subsequent
to the conviction.  Richter, 510 F.3d at 104; see LaPlante, 57
F.3d at 253.  In this case, the petitioner states repeatedly
that she is seeking equitable relief because of the alleged
unfairness of keeping her incarcerated despite her ailing

22

health.   There is no legal defect in the plaintiff's sentence or
continuing incarceration.   Moreover, the petitioner has failed
to demonstrate that without a writ of audita querela serious
constitutional questions regarding her continued incarceration
will arise.   Accordingly, the petitioner's request for a writ of
audita querela is **denied**.


**B.**

The petitioner argues that she is entitled to a writ of
coram nobis.   "[F]ederal courts are authorized to grant the
ancient common law writ of error coram nobis under the terms of
the All Writs Act, 28 U .S.C. § 1651(a)."   Fleming v. United
States, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam).   "Coram
nobis is essentially a remedy of last resort for petitioners who
are no longer in custody pursuant to a criminal conviction and
therefore cannot pursue direct review or collateral relief by
means of a writ of habeas corpus."   Id. at 89-90; see, e.g.,
Porcelli v. United States, 404 F.3d 157, 159 (2d Cir. 2005).
Accordingly, a defendant may pursue a writ of coram nobis if the
"defendant has served the entirety of the defendant's sentence
pursuant to a federal conviction, and is no longer in custody
pursuant to that conviction."   United States v. Viertel, No. 01
Cr. 571-3, 2012 WL 1604712, at *1 (S.D.N.Y. May 8, 2012) aff'd,

505 F. App'x 40 (2d Cir. 2012).  Because the petitioner in this case is still in custody serving her sentence she is not entitled to a writ of coram nobis.

Moreover, coram nobis relief is an extraordinary remedy. "[T]o obtain coram nobis relief a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from [the] conviction that may be remedied by granting of the writ." Fleming, 146 F.3d at 90 (quoting Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996)) (internal quotation marks omitted).  In this case, the petitioner has not alleged any defect in the proceedings warranting coram nobis relief.  Indeed, she does not challenge her trial and resentencing, and the Court of Appeals has reviewed and affirmed both her conviction and sentence. Accordingly, the petitioner's request for relief coram nobis is **denied.**

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  The petitioner's

motion to set aside, vacate, or correct the sentence pursuant to 28 U.S.C. § 2255 is **denied**.  The Court would give prompt and sympathetic consideration to any motion for compassionate release filed by the BOP, but it is for the BOP to make that motion in the first instance.  **The Clerk is directed to enter judgment dismissing No. 13 Civ. 5279 (JGK) and to close all pending motions.**

SO ORDERED.

Dated:    New York, New York
          August 9, 2013          _____/s/_____
                                       John G. Koeltl
                                  United States District Judge