**United States District Court**
**Southern District of New York**
_____

**LYNNE STEWART,**

                            **Petitioner,**        13 Civ. 5279 (JGK)
                                                        02 Cr. 0395 (JGK)

     - against -

                                                            **MEMORANDUM OPINION AND**
**UNITED STATES OF AMERICA,**          **ORDER**

                            **Respondent.**
_____

**JOHN G. KOELTL, District Judge:**

     In an Amended Opinion and Order dated August 9, 2013, this Court denied Petitioner Stewart's motion to set aside, vacate, or correct her sentence pursuant to 28 U.S.C. § 2255. See Stewart v. United States, Nos. 13-cv-5279 & 02-cr-0395, 2013 WL 4044756 (S.D.N.Y. Aug. 9, 2013).  Ms. Stewart had argued that the failure of the Bureau of Prisons to grant her compassionate release violated 18 U.S.C. § 3582, that her sentence was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and that the Court should use its equitable powers to release her from custody.  The Judgment was entered on August 13, 2013.

     While the petitioner's application was pending in this Court, the petitioner filed an application for reconsideration with the Bureau of Prisons seeking compassionate release.  That

1

application was filed on August 6, 2013.  Indeed, the Court had encouraged the petitioner's counsel in court to file such an application in view of what the petitioner represented was new medical evidence, and in view of the requirement of 18 U.S.C. § 3582(c) that there be a motion by the Director of the Bureau of Prisons before the Court could reduce a term of imprisonment.  That application remains pending with the Bureau of Prisons.

The petitioner has now moved to alter or amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or to vacate the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to allow the petitioner to amend her petition within a reasonable time after the Bureau of Prisons renders its decision on her renewed request for compassionate release.  The petitioner speculates that if her renewed request is denied, it must be for an impermissible reason and that will lend support to her previous speculation that the prior denial was based on an impermissible reason.

The petitioner has failed to provide any basis for relief under either Rule 59(e) or Rule 60(b).  Each of those Rules provides very limited bases for relief.  See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (Rule 60(b)); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (Rule 59(e)).  The petitioner has shown no basis to alter, amend, or vacate the

prior judgment of the Court.  There is no showing that the Court overlooked any controlling law or facts, or that the proceedings were defective in any way.

CONCLUSION

If the petitioner objects to any subsequent decision of the Bureau of Prisons, she should challenge any such decision, rather than simply keeping the present proceeding open to challenge decisions that have not yet been issued.

The application pursuant to Rules 59(e) and 60(b) is therefore **denied**.[1]

**SO ORDERED.**

**Dated:   New York, New York**
**         September 7, 2013**              _____/s/_____
                                              **John G. Koeltl**
                                        **United States District Judge**

---

[1] The petitioner also asked that the Judgment be stayed if it had not already been entered when her current application was made on August 12, 2013.  The Judgment was entered on August 13, 2013 and there is no reasonable basis to stay that Judgment.  The application to stay the judgment is therefore **denied.**